NUMBER: TCX 5265.11G

RECEIVED MAR 1 3 2017

DATE: May 15, 2009

SUBJECT: Correspondence

Return mail to inmate ___GREEN___ for proper mailing procedures.

Any correspondence not bearing the inmate's committed full name, register number, and return address to include the name of the respective Complex facility (United States Penitentiary) on the envelope will be returned for proper addressing. Acronyms or abbreviations are not authorized.

The correct format for return address is:

**Inmate Full Name**

**Register Number**

**United States Penitentiary Tucson**

**P.O. Box 24550**

**Tucson, AZ 85734**

Effective August 3, 2009, you will be required to place a TRULINCS generated mailing label on all outgoing postal mail. The TRULINCS generated mailing label is only to be utilized for the outgoing postal address. TRULINCS generated mailing labels are not to be utilized for the return postal address.

Outgoing mail that does not contain a TRULINCS generated mailing label on it for the outgoing postal mail address will be returned to the inmate for proper preparation.

Outgoing mail that has a TRULINCS generated mailing label on it for the return postal address will also be returned to the inmate for proper preparation.

Special housing inmates, and Pre-trial inmates are exempt from using the TRULINCS generated mailing labels due to their limited access to the TRULINCS system.

If you have questions or concerns on this matter, please send inmate request to staff to the Trust Fund Department on the TRULINCS system.

Dear District Clerk.

Remit;
    Jahmal Green
    # 09794-029
    USP Tucson
    P.O. Box 24550
    Tucson, AZ. 85734

RECEIVED MAR 13 2017

Can you please update me on my Case please, in Criminal Action No. 1:06 CR-53-LRR, Civil Action No. 1:16 CV 209

February 6, 2016

Sincerely
J. GREEN

RECEIVED MAR 1 3 2017

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court NORTHERN | District OF IOWA | |
|---|---|---|
| Name *(under which you were convicted)*:<br>JAHMAL GREEN | | Docket or Case No.:<br>1:06-CR-53-LRR |
| Place of Confinement:<br>USP TUCSON ARIZONA | | Prisoner No.:<br>09794-029 |
| ~~UNITED STATES OF AMERICA~~<br>JAHMAL GREEN | V. | ~~MOVANT (include name under which convicted)~~<br>UNITED STATES OF AMERICA |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:
    UNITED STATES DISTRICT COURT FOR THE NORTHEN DISTRICT OF IOWA
    (CEDAR RAPIDS DIVISION)
    111 Seventh Avenue, S.E., 5th. Floor
    Cedar Rapids, Iowa. 52401-2101

    (b) Criminal docket or case number (if you know): 1:06-CR-00053-LRR

2.  (a) Date of the judgment of conviction (if you know): January 31,2007

    (b) Date of sentencing: JANUARY 31,2007

3.  Length of sentence: Life imprisonment, 10 years supervised release.

4.  Nature of crime (all counts):
    21 USC §§ 841(a)(1); 841(b)(1)(A); 851 and 860

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☒

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9.  If you did appeal, answer the following:

   (a) Name of court:     United States Court of Appeals for the Eighth Circuit

   (b) Docket or case number (if you know):     Appeal No. 07-1344

   (c) Result:    affirmed conviction

   (d) Date of result (if you know):  December 7, 2007

   (e) Citation to the case (if you know):   256 Fed. Appx. 883; 2007 U.S.

   (f) Grounds raised:
       Challenge guilty plea, that the drug amount was minor to convict
       under life imprisonment.

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

       If "Yes," answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☒     No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:    U.S. District Court (Cedar Rapids Division)

        (2) Docket or case number (if you know):    CR-06-0053

        (3) Date of filing (if you know):    June 11, 2015

        (4) Nature of the proceeding:    18 USC § 3582

        (5) Grounds raised:   Amendment 782 retroactive

CONTINUATION FROM PAR#11:
under U.S.S.D. § 2D1.1, that .69 Grams 18:1 totals to 0.12 Grams not
0.69 grams.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes [X]   No [ ]

(7)  Result:  Denied, not justified.

(8)  Date of result (if you know):  June 11,2015

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:  United States District Court (Cedar Rapids)

(2)  Docket of case number (if you know):  1:08-CV-153-LRR

(3)  Date of filing (if you know):  12/08/2008

(4)  Nature of the proceeding:  28 USC § 2255

(5)  Grounds raised:

(IAC) Ineffective Assistance of Counsel.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes [ ]   No [X]

(7)  Result:  Dismisal (deadline) without prejudice.

(8)  Date of result (if you know):  12/12/2009

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes [ ]   No [X]

(2)  Second petition:   Yes [ ]   No [X]

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
I am at an IQ level of 9th. Grade education (low level IQ), idigent of
and, liberal construction of law with respect to the Court.
Cannot afford an attorney required ass. from prison help in this filing.
28:2255.

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** DEFENSE COUNSELS PROVIDED CONSTITUTIONALLY INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE OF THE PROCEEDING'S, INCLUDING PLEA NEGOTIANS "VITIATE[D] THE PRINCIPLES" ESPOUSED IN STRICKLAND V. WASHINGTON(1984) 466 U.S. 668 THAT THE SIXTH AMENDMENT RIGHT TO COUNSEL EXISTS..............

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) Defense Counsel failed to file objection(s) under Rule 11(c)(3)(B) of Fed.R.Crim.P. that the district court failed to read the rule required warning that [i]f the Court does not accept the governments recommendation that the defendant will not be able to withdraw plea; (2) Defense counsel waived preliminary hearing without permission from the defendant in violation of Rule 5.1 of the Fed.R.Crim.P. (dkt#26) on 7/5/2006. (3) Defense counsel provided constitionally inadequate representation for failing to file non-frivolous objections in defendants (PSR), and failed to file objections in plea agreement, and failed to object that court did not read rule rule required warning during change of plea hearing vitiate[d] the principles in Sixth Amendment right to counsel to which the defendant is entitled to meet the case of the prosecution during the pre trial proceedings, including better plea negotiations.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
I am illiterate in criminal law proceedings and required help from prison law library with assistance in criminal law.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: NA

Name and location of the court where the motion or petition was filed:
NA

Docket or case number (if you know): NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available):
NA

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐      No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐      No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

NA

Docket or case number (if you know):     NA

Date of the court's decision:               NA

Result (attach a copy of the court's opinion or order, if available):

NA

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NA

**GROUND TWO:** 28 USC § 2255(h)(2) apply to Amendment 782 retroactive to (FSA) to reduce 0.69 Grams to 0.12 Grams Crack Cocaine, §851 held unconstitutionally vague.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In 2007, the pet. (green) plead guilty to (0.69 Grams) of crack cocaine. The (FSA) became law in November 1,2010, reducing amount of crack cocaine base from an 100:1 ratio to an 18:1 ratio. On November 1,2014 the United States Sentencing Commission inacted Amendment 782 to all drug offenses retroactive. The (FSA) act should apply to the pet. (green) therefore reducing the amount from (0.69) Grams to (0.12) Grams of crack cocaine, an 18:1 ratio. In Johnson vs. United States, Justice Scalia held that acca act held unconstitutional for additional prison term was uncontitutally vague. Green's sentence was enhanced under § 851 for prior drug offense(s), and therefore should be held unconstitutionally vague under the Fifth Amendment, because in "reality" (green) plead out to actual amount of (0.12) Grams of crack cocaine "not" 0.69 Grams. In (greens) prior drug offense(s), he had done jail/prison terms for, and therefore, now he is serving a life sentence for sentence(s) that he had already served. The prior drug offense(s) were not violent, (Welch vs. United States) held retroactive. Greens prior drug offenses were not large amounts of drug quantity.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]    No [X]

(2)  If you did not raise this issue in your direct appeal, explain why:

indigent and liberal construction of the law, am not an attorney, required help from prison resources to diligently raise this issue with respect.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]    No [X]

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:        NA

Name and location of the court where the motion or petition was filed:

  NA

Docket or case number (if you know):        NA

Date of the court's decision:        NA

Result (attach a copy of the court's opinion or order, if available):

  NA

---

(3)  Did you receive a hearing on your motion, petition, or application?

  Yes ☐        No ☒

(4)  Did you appeal from the denial of your motion, petition, or application?

  Yes ☐        No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes ☐        No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

  NA

Docket or case number (if you know):        NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available):

  NA

---

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:      I am indigent of the law, and was not aware of the new law that was
made retractive to all drug offenses in November 1,2015

---

**GROUND THREE:**        NA

---

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

_____

_____

_____

**GROUND FOUR:**     NA     _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐          No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐          No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    NONE

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the
     you are challenging:

     (a)  At the preliminary hearing:

     CASEY D. JONES

     (b)  At the arraignment and plea:

     CASEY D. JONES

     (c)  At the trial:

     CASEY D. JONES//// DAVID E. MULLIN

     (d)  At sentencing:

     DAVID MULLIN

     (e)  On appeal:

     NA, Dont remember, my appellate attorney never mailed me records.

     (f)  In any post-conviction proceeding:

     NA

     (g)  On appeal from any ruling against you in a post-conviction proceeding:


     NA


16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
     and at the same time?            Yes ☐         No ☒

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
     challenging?            Yes ☐         No ☒

     (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


     NA

     (b)  Give the date the other sentence was imposed:      NA

     (c)  Give the length of the other sentence:      NA

     (d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
     sentence to be served in the future?            Yes ☐         No ☒


18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

     Defense counsel's PROVIDED Constitutionally inadequate representation of
     Counsel during the pre trial stage of the proceedings, including plea neg-
     otians, "vitiate[d] the princoples" espoused in Strickland v. Washington
     (1984) 466 US 668, that the Sixth Amendment Right to counsel exists to which
     the defendant is entitled too, to meet the case of the prosecution, and amendment
     782, reduced the amount of crack cocaine by 18:1 instead of 100:1,

Amendment 782 became retroactive in November 1,2014, therefore, with
respect to the Court, i was charged with 0.69 Grams oc Crack Coacaine Base.
With the reduction from 100:1 to 18:1, the amount of drug should be exactly
0.12 Grams and [not] 0.69 Grams,

   Petitioner (green) under 28 USC § 2255(h)(2) that Amendment 782
is retroactive and therefore the amount of drug quantity should be vacated
and corrected to the correct amount pursuant to Amendment 782 inacted
November 1,2014 with respect hereto the Dustrict Court.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of —
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of
      the Constitution or laws of the United States is removed, if the movant was prevented from making such a
      motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
      been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
      review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered
      through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate and correct sentencing

Guidelines under § 1B1.10, and Amendment 782, 0.69 Grams, to 0.12 Grams. 18:1 ratio (crack cocaine base) Retroactive.

or any other relief to which movant may be entitled.

Vacate plea, and renogotiate, and or proceed to jury trial proceedings because the United States Dustrict Judge failed to read the rule required warning under Rule 11(c)(3)(B) of the Fed.R.Crim.P., the plea agreement therefore is null and void and should be vacated during the change of plea hearing and sentencing with respect. 28 USC § 2255(h)(2) Amendment 782, Nov. 1, 2014.

_Jahmal Green_

JAHMAL GREEN

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ~~Fed~~ FebRuARy 6, 2017.

(month, date, year)

Executed (signed) on _____ (date)

_+ Jahmal Green_

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

NA

CRIMINAL ACTION NO. 1:06-CR-00053,

CIVIL ACTION NO. 1:16 CV 209 .

RECEIVED MAR 1 3 2017

---

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF IOWA

CEDAR RAPIDS DIVISION

---

JAHMAL GREEN,

PETITIONER,

VS.

UNITED STATES OF AMERICA,

RESPONDENT.

BRIEF IN SUPPORT ON MOTION UNDER 28 USC § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY.

PETITION FOR WRIT OF HABEAS CORPUS
(28 USC § 2255)

JAHMAL GREEN
REG. NO. 09794-029
USP TUCSON ARIZONA
P.O. BOX 24550
TUCSON, AZ. 85734
PRO-SE

ISSUE(S) PRESENTED

ISSUE ONE:
DEFENSE COUNSEL'S PROVIDED COUNSTITUTIONALLY
INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL
STAGE OF THE PROCEEDINGS, INCLUDING PLEA NEGOTIATIONS...
"VITIATE[D] THE PRINCIPLES" ESPOUSED IN STRICKLAND VS.
WASHINGTON (1984) 466 US 668, THAT THE SIXTH AMENDMENT
RIGHT TO COUNSEL EXISTS SINCE ACCESS TO COUNSEL'S SKILL
AND KNOWLEDGE IS NECESSARY TO MEET THE CASE OF THE PROS-
ECUTION TO WHICH THE DEFENDANT IS ENTITLED.


ISSUE TWO:
28 USC § 2255(h)(2) HELD TO APPLY TO AMENDMENT 782
RETROACTIVE TO THE FAIR SENTENCING ACT (FSA) TO REDUCE
0.69 GRAMS TO 0.12 GRAMS OF CRACK COCAINE, AND § 851 HELD
UNCONSTITUTIONALLY VAGUE TO A PRISON TERM OF LIFE.

iii

## TABLE OF CONTENTS

OPINIONS BELOW ........................................ 1

JURISDICTION .......................................... 2

CONSTITUTIONAL AND STATUTORY PROVISIONS ............. 3

STATEMENT OF THE CASE ................................ 4

REASONS GRANTING THE PETITION ....................... 6

GROUNDS FOR RELIEF ................................... 7

CONCLUSION .......................................... 19

CERTIFICATE OF SERVICE .............................. 20

## APPENDIX TO APPENDICES

APPENDIX A:

   Decision from the Court of Appeals.

APPENDIX B:

   Decision from the United States District Court.

APPENDIX C:

APPENDIX D:

APPENDIX E:

APPENDIX F:

APPENDIX G:

1

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF IOWA

CEDAR RAPIDS DIVISION


PETITION FOR A WRIT OF HABEAS CORPUS


Petitioner (green) respectfully prays that a writ of habeas corpus (28 USC § 2255) issue to review the judgment below.


## OPINIONS BELOW

The opinion of the United States Court of Appeals for the Eight Circuit Appears at Appendix A. to the petition, and is reported at 256 Fed. Appx. 883; 2007 U.S. App. Lexis 28957, Appeal No. 07-1344.


The opinion of the United States District Court for the Northern District of Iowa (Cedar Rapids Division) appears at Appendix B. to the petition, and is reported at Criminal Action No. Cr-06-00053-LRR, 256 Fed. Appx. 883, 2007 U.S. App. Lexis 28957.

## JURISDICTION

The date on which the United States Court of Appeals for the Eighth Circuit submitted my case was December 07, 2007. The date on which the Court of Appeals denied my case was December 13,2007.

No petition for rehearing was timely filed in my case.

The date on which the United States District Court for the Northern District of Iowa (Cedar Rapids Division) decided my case was January 31,2007.

The date on which the United States District Court for the Northern District of Iowa (Cedar Rapids Division) dismiss my 28 USC § 2255 [dismissal (deadline) without prejudice was 12/12/2009].

Jurisdiction of this Court, is invoked under 28 USC § 2255 to vacate, set aside, or correct sentence by a person in Federal Custody, Jahmal Green, P.O. Box 24550, Tucson, Az. United States Penitentiary Tucson.

## CONSTITUTIONAL AND STATUTORY PROVISIONS

28 USC § 2255

Amendment 782

Fair Sentencing Act,(FSA) under Amendment 782.

Strickland vs. Washington (1984) 466 U.S. 668

Sixth Amendment, U.S. Constitution.

## STATEMENT OF THE CASE

Jahmal Green pled guilty to distributing .69 grams of cocaine base (crack cocaine) within 1,000 feet of a protected location (college) after having been previously convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 851, and 860(a). The District Court sentenced (green) to a mandatory term of life imprisonment because he had two or more prior convictions for a felony drug offense(s). See 841(b)(1)(A), [i]f any person violates § 860 after two or more convictions for a felony drug offenses, that person shall be sentenced to a mandatory term of life imprisonment.

On appeal, defendant's counsel moved to withdraw and filed a brief under Anders. Counsel argued that the district court erred in accepting defendants guilty plea because he did not fully understand that the plea would result in a mandatory sentence of life in prison. In a pro se appellate filing, Green also argued that he did not understand his plea. Additionally, he challenged his life sentence, claiming that his previous drug offenses were minor, and asserted that his attorney incorrectly advised him to plead guilty.

The Court of Appeals concluded on Direct Appeal that

(green) cannot first challenge his guilty plea in
a direct appeal., and after reviewing the record in acco-
rdance with <u>Penson v. Ohio</u> (1988) 488 US 75, we have found
no  non-frivolous issue(s).

Petitioner Green's defense attorney provided Consti-
tutionally inadequate representation of counsel for failing
to file pretrial motion(s), including plea negotiations...
"Vitiate[d] the Principles" in <u>Strickland vs. Washington</u>
(1984) 466 US 668, that the <u>Sixth Amendment Right</u> to cou-
nsel exists to meet the case of the prosecution. Defense
Counsel failed to file objection(s) that the District Judge
failed to read the rule required warning under <u>Rule 11(c)</u>
<u>(3)(B) of the Fed.R.Crim.P.</u>, and also waived the petitio-
ner's right to pretrial proceeding's (preliminary hearing)
in violation of <u>Rule 5.1 of the Fed.R.Crim.P.</u>, the petit-
ioner never agreed to waive objection(s) in (PSR), see
(dkt#26). The district court accepted (PSR), see (dkt#27)
dated 7/06/2006. Petitioner asserts that counsel's repres-
entation (or lack thereof) constituted ineffective assis-
tance of counsel. Claims are weighed against the two-prong
test set forth in <u>Strickland</u> and <u>Wiggins</u>. defense respons-
ibilities must be met to render adequate assistance of c-
ounsel that... <u>Sixth Amendment</u> requires in criminal process
at critical stages.

## REASONS GRANTING THE PETITION

Rule 10 of the rules governing the Supreme Court of the United States, more specifically, considerations governing review on a writ states in relevent part...

> "Review on a writ of certiorari is not a matter of right, but a judicial discretion. A petition for a writ of certiorari will be granted for compelling reasons. The following, although neither controlling, nor fully meaning the court's discretion, indicates the character of the reasons the court considers..."

The Court of Appeals for the Eighth Circuit has entered a decision in conflict with the United States Supreme Court pursuant to:

Rule 11(c)(3)(B) of the Fed.R.Crim.P.

Strickland vs. Washington (1984) 466 U.S. 668

The petitioner (green) contends that as a result of the Eighth Circuits departure form this Court's precedent, a writ of habeas corpus shouls issue under 28 USC § 2255.

## GROUNDS FOR RELIEF

### ISSUE ONE:

DEFENSE COUNSEL'S PROVIDED CONSTITUTIONALLY INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE OF THE PROCEEDINGS, INCLUDING PLEA NEGOTIATION'S "VITIATE[D] THE PRINCIPLES" ESPOUSED IN STRICKLAND VS. WASHINGTON (1984) 466 US 668, THAT THE SIXTH AMENDMENT RIGHT TO COUNSEL EXISTS SINCE ACCESS TO COUNSEL'S SKILL AND KNOWLEDGE IS NECESSARY TO MEET THE CASE OF THE PRO-SECUTION TO WHICH THE DEFENDANT IS ENTITLED.

### ISSUE TWO:

28 USC § 2255(h)(2) HELD TO APPLY TO AMENDMENT 782 RETROACTIVE TO THE FAIR SENTENCING ACT (FSA) TO REDUCE .69 GRAMS TO .12 GRAMS OF CRACK COCAINE, AND § 851 HELD... UNCONSTITUTIONALLY VAGUE UNDER JOHNSON VS. UNITED STATES (S. Ct. June 26,2015) Appeal No. 13-7120.

### DISCUSSION

On June 16,2006 Green unknowingly entered a plea of guilty, see (dkt#16) in criminal action no. CR-06-53.

On July 5,2006 defense counsel's (waived) Green's right to a preliminary hearing in violation of Rule 5.1 of the Fed.R.Crim.P.

On July 5,2006 (green) defense attorney failed to
file (PSR) objections, therefore waiving his right to...
appeal (PSR), see (dkt#26) constituted inadequate represe-
ntation of counsel during the pretrial stage of the proce-
edings, including plea negotiation.

On July 6,2006 the district court adopted report
and recommendation, see (dkt#27), defense counsel failed
to file objection's, waiving the pet. (greens) right to
appeal in violation of Rule 5.1 of the Fed.R.Crim.P. in
the court of appeals.

## I.

DEFENSE COUNSELS PROVIDED CONSTITUTIONALLY INADE-
QUATE REPRESENTATION OF COUNSEL FOR FAILING TO OBJECT THAT
THE DISTRICT COURT FAILED TO READ THE RULE REQUIRED WARNING
UNDER RULE 11(e)(2); 11(c)(3)(B) OF THE FED.R.CRIM.P.

On June 6,2006 (green) unknowingly entered into an
plea greement under Rule 11(c)(3)(B) of the Fed.R.Crim.P.,
see (dkt#16). In United States vs. Dominguez Benitez(2004)
542 US 74; held that federal criminal defendant entitled
to plain error relief from guilty plea on unpreserved claim
that court had failed to give rule-required warning, only
[i]f he could show reasonable probability that, but for
error, he would not have entered plea.

Under Rule 52(b) of the Fed.R.Crim.P., a plain error affecting substantial rights may be considered on appeal, even though the error was not brought to the "trial Courts attention".

Federal criminal defendant (green) and the government entered into a plea agreement, including the terms that (1) he would plead guilty to a drug charge, and (2) the government would make a non-binding sentencing recommendation. The government (agreement) warned the defendant that he could not withdraw his plea if the court did not accept the governments recommendation. During an ensuing hearing at which (green) pled guilty, a federal District Court (1) gave him almost all the required warnings required by Rule 11 of the Fed.R.Crim.P.; [B]ut (2) failed to give him the required warning, then under Rule 11(e)(2), later 11(c)(3) (B) that he could not withdraw his plea [i]f the Court "did not" accept the governments recommendation, subsequently, the District Court in sentencing (green) to a term of life imprisonment, effectively did not accept the governments recommendation.

Even though (green's) defense attorney did not make a timely appeal (objection's) to the federal court's failure

to give the Rule 11 warning in question. The pet. (green) had the right to withdraw his guilty plea as a consequence of the district court's failure to give the warning. (1) Plain-error review is applicable to the defendants substantial rights had been affected, the defendant, i.e. pet. (green) make a prima facie showing that defense counsel "Vitiate[d] the Principles" espouse in..... Strickland vs. Washington (1984) 466 US 668, in the Two-prong test that the Sixth Amendment Right to effective assistance of counsel exists to which the pet. (green) is entitled to meet the case of the prosecution. The Supreme Court's view's as to harmless of claimed error in state or federal trial, for purpose of subsequent federal habeas relief review under Brecht vs. Abrahamson (1993) 507 US 619 effect of Rule 11 of Fed.R.Crim.P. on validity of federal criminal defendant guilty pleas and plea agreements- Supreme Court cases, 133 L Ed 2d 919.

Supreme Court's views as to what Constitutes Harmless Errors under Rule 52(b) of the Fed.R.Crim.P., 84 L Ed 2d 876. Supreme Court's views as to plea bargaining and its effects, 50 L Ed 2d 876.

## APPEAL § 1293 GUILTY PLEAS

Failure to give Rule required warning, plain-error

, reasonable probability held that; Rule 11 of the
Fed.R.Crim.P. but for the error, (green) would not have
entered his guilty plea.


## APPEAL § 1550 REVERSAL OF GUILTY PLEA

Held that on direct appeal, appellate review, the pl-
ain error  standard of Rule 52(b) of the Fed.R.Crim.P.,
with Rule 52(b)'s requirement to prove an effect on subst-
antial rights applied to criminal defendant that he had a
right to withdraw his guilty plea.


## EVIDENCE § 419 CRIMINAL TRIAL

Collateral review, burden held that when the govern-
ment has the burden of addressing prejudice, as in experi-
ence in excusing preserved error as harmless on direct ap-
peal review of a criminal conviction, it is not enough to
negate an effect on the outcome of the case.


A.

## HABEAS CORPUS POST CONVICTION RELIEF

§ 46.5, and § 47 held that one significant difference
between guilty plea claims under Rule 11 under Strickland
vs. Washington (1984) 466 US 668, (1) Strickland claims m-
ay be raised in post conviction proceedings permit greater

developement of the record.

B.

## RULE 11 OF THE FED.R.CRIM.P.

Petitioner (green) claims that the right to withdraw his plea of guilty as a consequence of the district courts failure to give one of the warnings required by Fed.R.Crim.P. 11, because the claim of Rule 11 error was not preserved by a timely objection, the plain-error standard applies, with its requirement to prove an substantial right, but for the error, he would not have pled guilty (entered a plea of guilty) with respect hereto.

C.

## SUPREME COURT'S PRECEDENT

Supreme Court of the United States  held that granted certiorari in Vonn Nor Circuit precedent 310 F.3d, at 1227 -1228. We granted Certiorari (2003) 540 US 1072, 157 L Ed 2d 741, S Ct 921 on the question [W]hether, in order to cause that a violation of Fed.R.Crim.P. 11 constitutes reversible error,(plain error), that a defendant must demonstrate that he would not have pleaded guilty if the violation had not occurred. The pet. (green) did not understand, and therefore he unknowingly and unintelligently entered a plea of guilt that should be reversed, [542 US 817].

## II.

## DEFENSE COUNSEL'S WAIVER OF THE PRELIMINARY HEARING WITHOUT PERMISSION OF PETITIONER CONSTITUTED INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE OF THE PROCEEDINGS, INCLUDING PLEA NEGOTIATIONS

The record indicates that defense counsel waived without consulting with (green), see (dkt#26), on 7/5/2006 waiver of objections to report and recommendation by defendant (jahmal green) constituted inadequate representation of defense counsel during the pretrial proceedings. (green) argues that the government obtained an indictment for the conduct complained of that clearly constituted a violation of state law rather than federal law, defense counsel was under obligation to recognize that fact and object to the indictment. Pet. also argues that defense counsels waiver of objection(s) to the report and recommendation of guilty plea in (dkt#18; and dkt#26). The pet. never executed a document signed by (green) waiving his rights to a preliminary hearing, and filed motion to withdraw defense attorney Casey D. Jones, see (dkt#21), 6/22/2006. Although Rule 5.1 of the Fed.R.Crim.P. recognizes that a defendant may waive the preliminary hearing, it must be both knowingly and intelligently made. Such a waiver is ordinarily an intentionally relinquishment or abandonment of a known right or privilege. Johnson vs. United States (1938) 302 US 458,

Green argues that this failure of counsel to get
his permission to waive preliminary hearing was a violati-
on of his due process given the facts of this case, and
other court's have agreed.

> "The government agreed suggest to us that even
> if the pretrial proceedings... in this case
> were inadequate, subsequent return of an ind-
> ictment cured any inadequacy... preliminary
> inqiries can on occaision have great value
> for one charged with acrime. Where a defendant
> is denied out of hand the opportunity to cons-
> ider utilizing that value, we do not think that
> denial is to be swept under the rug of a grand
> jury indictment."

Blue vs. United States (D.C. Cir. 1965) 342 F.2d 894,
the preliminary hearing provides an opportunity for pet.
at an early stage of the proceedings to trust the prosec-
ution's evidence against him. Obviously, the pet. (green)
had no right or opportunity to participate in the secret
grandjury proceedings against him, and so left a prelimi-
nary hearing process to attack sufficiency of the indictm-
ent against him, and other pretrial proceeding's. Defense
counsel's failure to provide (green) with the constitutio-
nally provided protections of the preliminary hearing con-
stituted inadequate representation of counsel, and prejud-

iced him by eliminating yet another way to attack the legal sufficiency of the charges against him. This failure constituted Constructive Denial of counsel which at a preliminary stage of the proceedings constituted a Sixth Amendment Protections afforded all parties. Coleman vs. Alab -ama (1970) 339 US 1, 10-11.

### III.

#### APPELLATE COUNSEL RENDERED INADEQUATE REPRESENTATION OF COUNSEL BY FAILING TO OBTAIN ENTIRE TRIAL TRANSCRIPT'S, AND REFUSING TO DISCUSS APPELLANTS VALID NON-FRIVOLOUS IS-SUE(S) TO PREPARING HIS BRIEF

Appellate counsel provided inadequate representation of counsel through out the period of his representation of petitioner (green). Appellate counsel asserted that he conducted a full and continuos review of the record and found no non-frivolous issue(s), when in fact he did not examine the facts of the case and did not obtain full transcripts, and continously ignored pet. (greens) attempts to communicate with him regarding the facts of the case. There is no possibility of a full review of the record without the entire record being available. Anders vs. Calif -ornia (1967) 366 US 738. Despite the facts, appellate counsel asserted to the court of appeals that there were no non-frivolous issue(s), waived oral arguments, and then

withdrew from the case. The prejudice of such conduct
is inescapable. An appointed counsel who filed a <u>Anders</u>
<u>Brief</u> although never requested pr possess a complete trial
transcript(s) could not have conducted concientous examina
-tion of (green's) case, because (green) never recieved any
transcripts after the Court of Appeals denied his direct
appeal constituted inadequate representation of counsel,
see <u>Strickland</u>, at 466 US 668.

IV.

<u>DEFENSE COUNSEL'S PROVIDED CONSTITUTIONALLY</u>
<u>INADEQUATE REPRESENTATION OF COUNSEL BY FAILING</u>
<u>TO MOUNT A CREDIBLE DEFENSE</u>

At every stage of the proceeding's, pets. trial
counsel failed to do the proper investigation and organiza
-tional trial work necessary to present a credible defense.
Previous defense counsel's at the begining of the case,
(although) only involved in pet. (green's) case for a brief
period of time, were much more diligent in reviewing gover
-nments document(s) and interviewing potential witnesses.
This investigative work virtually ceased with appointment
of (green's) final defense and trial counsel. It is axioma
-tic among trial lawyers and judges that cases are not won
in the court room, [b]ut by long hours of laborious invest
-igational and careful preparation and study of legal points
which precede the trial. Decoster, at 293.

Pet. asserts that the adversial testing process protected by the Sixth Amendment requires that the accused have counsel acting in role of an advocate, not an adversary , and the right to effective assistance of counsel is the right of the defendant to require the prosecutions case must undergo a cruicable of meaningful adversial testing. The kind of testing invisioned by the Sixth Amendment would have occurred none the less, but in the instant case the process did not constitute a confrontation between vigorious adver- saries, and constitutional protections were not present, and there was a complete breakdown in the adversial process. see United States v. Cronic (1984) 466 US 648.

A.

## AMENDMENT 782 HELD RETROACTIVE
## TO PRIOR DRUG OFFENSES IN PETS. CASE

Reasons given, is that that the United States enhanced (green) under § 851 and § 860 for prior drug offense, and therefore should apply retroactive. On January 6,2006 (green) entered into an plea agreement to a term of life imprisonment for prior drug offenses under § 851,§ 860 for petty drug offenses in prior state convictions that should apply under the (FSA) from a 100:1 to an 18:1 ratio because pet. recieved an life sentence on prior crack cocaine offe- nses, Amendment 782 therefore should apply.

The Fifth Amendment provides, that no person shall be deprived of life, liberty, or property without due process of law. The government violates this guarantee by taking away someones life, liberty, or property under criminal law so vague, that it fails to give ordinary people fair notice of the conduct it punishes. or so stand-ardless, that it invites arbitrary enforcement. The prohibition of vagueness in criminal statutes is as a well recognized requirement, a consanent alike with ordinary notions of fair play and the settled rules of law, and a statute that flouts,it violates the first essential of due process. These principles apply not only to a statute defining elements of crimes, but also statutes fixing sentences under § 851 and § 860.

In Johnson vs. United States (2014) 576 US___, 135 S Ct., 192 L Ed 2d 569 held that:  Imposing an increased sentence under the residual clause to violate the Fifth Amendment's guarantee of due process. The Supreme Court held that the enhancement was unconstitutionally vague, (greens) prior drug offense(s) are indivisibly overbroad, as in Johnson vs. United States, at. 192 L Ed 2d 569, because they were petty drug offense(s) (crack cocaine) and 18:1 ratio should apply and [not] 100:1 ratio under the enhancement(s) with respect.

## CONCLUSION

For the above and foregoing reasons, Mr. Green's case should be vacated. In the alternative, it is requested that the Court hold an evidentiary hearing so that (green) may further prove him meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.


Respectfully Submitted


_Jahmal Green_

JAHMAL GREEN


2-06-2017

DATE

## CERTIFICATE OF SERVICE AND MAILING

I, JAHMAL GREEN _____ certify under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing attached _____
On petition under 28 USC § 2255 _____

was deposited in the institutional legal mail system after being properly addressed to the address(es) listed below, having first-class postage prepaid, affixed to the envelope, on the date below. The original of the attached document was filed with the clerk of court using U.S. Postal Service, at the following addres:

Jahmal Green#09794-029
USP TUCSON
P.O. BOX 24550
TUCSON, AZ. 85734

A true and correct copy of the attached was served on:

United States District Court for the
Northern District of Iowa, Cedar
Rapids Division, 111 Seventh Ave.
S.E. , 5th Floor, Cedar Rapids,Iowa
52401.

I certify that the attached was filed with the Court, served on the above named party, and deposited in the institutional legal mail system on this 6Th day of February , 20 07. The attached is considered filed into the Court on the date above in accordance with Houston v. Lack, 101 L.Ed.2d 245 (1988).

/S/ Jahmal Green

Case Name: Jahamal Green      Vs. United States
Case No.: Criminal Action 1:06-cr-00053 / 1:16 CV 209

United States, Appellee, v. Jahmal Green, also known as Cheeseburger, Appellant.
UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT
256 Fed. Appx. 883; 2007 U.S. App. LEXIS 28957
No. 07-1344
December 7, 2007, Submitted
December 13, 2007, Filed

Notice:

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING
THE CITATION TO UNPUBLISHED OPINIONS.

Editorial Information: Subsequent History

Motion denied by United States v. Green, 2015 U.S. Dist. LEXIS 75631 (N.D. Iowa, June 11, 2015)

Editorial Information: Prior History

Appeal from the United States District Court for the Northern District of Iowa.

Counsel                         For United States, Plaintiff - Appellee: Patrick J. Reinert, Assistant U.S.
              Attorney, U.S. ATTORNEY'S OFFICE, Cedar Rapids, IA.
                               Jahmal Green, also known as Cheeseburger (Federal Prisoner:
              09794-029), Defendant - Appellant, Pro se, Terre Haute, IN.
Judges: Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

CASE SUMMARY

PROCEDURAL POSTURE: Defendant appealed a judgment of the United States District Court for the
Northern District of Iowa convicting him upon his guilty plea to distributing a mixture containing a
detectable amount of cocaine base within 1,000 feet of a protected location after having been previously
convicted of one or more felony drug offenses and sentencing him to mandatory term of life in prison
because he had two or more prior felony drug convictions.Defendant's drug conviction and mandatory
life sentence were affirmed because he could not first challenge his guilty plea on direct appeal, he was
properly sentenced to life under 21 U.S.C.S. § 841(b)(1)(A) based on his previous felony drug offenses, and
ineffective assistance of counsel claim should be raised in 28 U.S.C.S. § 2255 motion.

OVERVIEW: On appeal, defendant's counsel moved to withdraw and filed a brief under Anders. Counsel
argued that the district court erred in accepting defendant's guilty plea because he did not fully
understand that the plea would result in a mandatory sentence of life in prison. In a pro se appellate
filing, defendant also argued that he did not understand his plea. Additionally, he challenged his life
sentence, claiming that his previous drug offenses were "minor," and asserted that his attorney
incorrectly advised him to plead guilty. The court concluded that defendant could not first challenge his
guilty plea in a direct criminal appeal. The court also concluded that the district court did not commit
error, plain or otherwise, when it sentenced defendant to life in prison under 21 U.S.C.S. § 841(b)(1)(A)
based on his previous felony drug offenses. Finally, to the extent that defendant was claiming ineffective
assistance of counsel, the court declined to review his claim in this direct appeal as it was more properly
raised in separate motion under 28 U.S.C.S. § 2255.

A08CASES                                        1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

**OUTCOME:** The court granted counsel's motion to withdraw and affirmed the district court's judgment.

## LexisNexis Headnotes

*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale > Penalties*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*

21 U.S.C.S. § 841(b)(1)(A) provides that if any person violates 21 U.S.C.S. § 860 after two or more convictions for felony drug offenses, that person shall be sentenced to mandatory term of life imprisonment.

*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Guilty Pleas*

If a defendant fails to attempt to withdraw a guilty plea in the district court, a claim that the guilty plea was not knowing and intelligent is not cognizable on appeal.

*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > General Overview*

21 U.S.C.S. § 802(44) provides that "felony drug offense" means federal or state offense that prohibits or restricts conduct relating to drugs and is punishable by imprisonment for more than one year.

*Criminal Law & Procedure > Sentencing > Appeals > General Overview*
*Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview*

Failure to raise issue at sentencing results in plain error review on appeal.

*Criminal Law & Procedure > Postconviction Proceedings > Motions to Set Aside Sentence*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Ineffective Assistance*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Ineffective Assistance*

The court of appeals will decline to review ineffective assistance of counsel claim on direct appeal; the claim is more properly raised in separate motion under 28 U.S.C.S. § 2255.

## Opinion

{256 Fed. Appx. 884} PER CURIAM.

<u>Jahmal</u> <u>Green</u> pleaded guilty to distributing .69 grams of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) within 1,000 feet of a protected location after having been previously convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 851, and 860(a). The district court 1 sentenced <u>Green</u> to a mandatory term of life in prison because he had two or more prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A) (if any person violates § 860 after two or more convictions for felony drug offenses, that person shall be sentenced to mandatory term of life imprisonment). On appeal, Green's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*A*

493 (1967). For the reasons discussed below, we grant counsel's motion and affirm.

Counsel argues that the district court erred in accepting Green's guilty plea because he did not fully understand that the plea would result in a mandatory sentence of life in prison. In a pro se appellate filing, **Green** also contends that he did not understand his plea. Additionally, he challenges his life sentence, claiming that his previous drug offenses were "minor," and asserts that his attorney incorrectly advised him to plead guilty.

We conclude that **Green** cannot first challenge his guilty plea in a direct criminal appeal. *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006) (if defendant fails to attempt to withdraw guilty plea in district court, claim that guilty plea was not knowing and intelligent is not cognizable on appeal), *cert. denied*, 127 S. Ct. 989, 166 L. Ed. 2d 747 (2007). We also conclude that the district court did not commit error, plain or otherwise, when it sentenced **Green** to life in prison based on his previous felony drug offenses. *See* 21 U.S.C. § 802(44) ("felony drug offense" means federal or state offense that prohibits or restricts conduct relating to drugs and is punishable by imprisonment for more than one year); *United States v. Patterson*, 481 F.3d 1029, 1034 (8th Cir. 2007) (failure to raise issue at sentencing results in plain-error review on appeal). Finally, to the extent **Green** is claiming ineffective assistance of counsel, we decline to review his claim in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (declining to review ineffective assistance of counsel claim on direct appeal; claim is more properly raised in separate motion under 28 U.S.C. § 2255).

After carefully reviewing the record in accordance with *Penson v. Ohio*, 488 US. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988), we have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw and we affirm.

### Footnotes

1

The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A

# United States District Court

## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JAHMAL GREEN | Case Number:     CR 06-53-1-LRR |
| a/k/a Cheeseburger | USM Number:     09794-029 |
| | David E. Mullin, Attorney at Law |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   2 of the five-count 05/04/2006 Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court

☐ was found guilty on count(s) _____
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851 & 860 | Distribution of .69 Grams of Cocaine Base Within 1,000 Feet of a Protected Location After a Two or More Prior Convictions for a Felony Drug Offense | 05/06/2006 | 2 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 1, 3, 4, and 5 of the Indictment _____ ☐ is ☒ are dismissed on the motion of the United States

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances

January 31, 2007
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Linda R. Reade
Chief, U.S. District Court Judge
Name and Title of Judicial Officer

January 31, 2007
Date

The above is a true copy.
ATTEST: Pridgen J Watkins, Clerk
By: _____

$B$

DEFENDANT:      **JAHMAL GREEN**
CASE NUMBER:     **CR 06-53-1-LRR**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Life Imprisonment on Count 2 of the Indictment.

☒    The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a Bureau of Prisons facility as close to his family as possible, commensurate with his security and custody classification needs.

☒    The defendant is remanded to the custody of the United States Marshal

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at  _____   ☐   a.m.   ☐   p.m.    on  _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m on  _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on  _____   to  _____

at  _____ , with a certified copy of this judgment.

                                           _____
                                                      UNITED STATES MARSHAL

                               By  _____
                                                     DEPUTY UNITED STATES MARSHAL



DEFENDANT:       JAHMAL GREEN
CASE NUMBER:     CR 06-53-1-LRR

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:10 years on Count 2 of the Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable )

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable )

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable )

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment — Page ___6___ of ___6___

DEFENDANT:       JAHMAL GREEN
CASE NUMBER:     CR 06-53-1-LRR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☒   Lump sum payment of $ __100__ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with   ☐ C,  ☐ D,  ☐ E,  or  ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,      ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        JAHMAL GREEN
CASE NUMBER:      CR 06-53-1-LRR

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the Court and implemented by the U.S. Probation Office.

2. The defendant shall submit to a search of his person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshal Service.

3. The defendant shall not associate with any member, prospect, or associate member of the Blackstones street gang or any other gang. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of the Blackstones street gang or any other gang, the Court will presume that this association was for the purpose of participating in gang activities.

DEFENDANT:          JAHMAL GREEN
CASE NUMBER:        CR 06-53-1-LRR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 0 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $  _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution

   ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

2255, HABEAS

# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00153-LRR
## Internal Use Only

Green v. United States of America

06-CR-00053

Date Filed: 12/12/2008
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

Assigned to: Chief Judge Linda R Reade
Referred to: Magistrate Judge Jon S Scoles
Related Case: 1:06-cr-00053-LRR-1
Case in other court: USDC - Northern Iowa, CR 06-00053 LRR
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

**Plaintiff**

**Jahmal Green**

represented by **Jahmal Green**
09794-029
USP Victorville
PO Box 5300
Adelanto, CA 92301
PRO SE

V.

**Defendant**

**United States of America**

represented by **Patrick J Reinert**
US Attorney's Office
Northern District of Iowa
401 First Street SE
Hach Building, Suite 400
**ECF
Cedar Rapids, IA 52401-1825
319 363 6333
Fax: 363 1990
Email: pat.reinert@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

*B*

Case 1:16-cv-00209-LRR-CJW   Document 5   Filed 03/16/17   Page 47 of 58

| 12/12/2008 | ⚏ | 1 | Pro Se MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Action CR06-53 LRR.), filed by Jahmal Green, Dismissal Deadline 12/12/2009. (pdy notified) (extra copy and nef to pro se filer) (de) (Entered: 12/12/2008) |

Case 1:16-cv-00209-LRR-CJW   Document 5   Filed 03/16/17   Page 48 of 58

Cedar Rapids, IA 52402
319 395 9191
Fax: 395 9192
Email: dmullin@mullinlaverty.com
*TERMINATED: 12/13/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

## Pending Counts

21:860(a), 841(a)(1), and 851
DISTRIBUTE IN OR NEAR
SCHOOLS/CONTROLLED
SUBSTANCE (crack cocaine)
(2)

21:841(a)(1) and 851 CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE (crack cocaine)
(4-5)

## Disposition

Life imprisonment. 10 years
supervised release. $100
assessment.


dismissed

## Highest Offense Level (Opening)

Felony

## Terminated Counts

21:841(a)(1) and 851 CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE (crack cocaine)
(1)

21:860(a), 841(a)(1), and 851
DISTRIBUTE IN OR NEAR
SCHOOLS/CONTROLLED
SUBSTANCE (crack cocaine)
(3)

## Disposition

dismissed


dismissed

## Highest Offense Level
## (Terminated)

Felony

## Complaints

None

## Disposition

*B*

**Plaintiff**

**USA**                                            represented by **Patrick J Reinert**
                                                   US Attorney's Office
                                                   Northern District of Iowa
                                                   401 First Street SE
                                                   Hach Building, Suite 400
                                                   **ECF
                                                   Cedar Rapids, IA 52401-1825
                                                   319 363 6333
                                                   Fax: 363 1990
                                                   Email: pat.reinert@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2006 |   | Judge update in case as to Defendant Jahmal Green. Judge Linda R Reade and John A Jarvey added. (mj) (Entered: 05/05/2006) |
| 05/04/2006 | 1 | SEALED INDICTMENT as to Defendant(s) Jahmal Green (1) count(s) 1, 2, 3, 4-5. (copy to USM,USP,USA) (de) (Entered: 05/05/2006) |
| 05/04/2006 | 2 | Praecipe for: Arrest Warrant Issued in case as to Defendant Jahmal Green. (Attachments: # 1 Warrant) (USM,USP,USA)(de) (Entered: 05/05/2006) |
| 05/04/2006 | 4 | Order to Seal Case as to Defendant Jahmal Green. Signed by Judge John A Jarvey on 5/4/06. (copy to USM,USP,USA) (de) (Entered: 05/05/2006) |
| 05/08/2006 | 5 | TEXT ORDER (NO DOCUMENT ATTACHED) SETTING HEARINGS as to Defendant Jahmal Green. Initial Appearance and Arraignment set for 5/9/2006 04:45 PM in CR 2nd Fl Ct before Chief Magistrate John A Jarvey. (copy of NEF faxed to FPD, USA, USP, USM) Signed by Judge John A Jarvey on 5/8/06. (Stigler, Karo) (Entered: 05/08/2006) |
| 05/09/2006 | 6 | Arrest Warrant Returned Executed on 5/8/06 in case as to Defendant Jahmal Green. (de) (Entered: 05/09/2006) |
| 05/10/2006 |   | Attorney update in case as to Defendant Jahmal Green. Attorney Casey D. Jones for Jahmal Green added. (Stephenson, Lisa) (Entered: 05/10/2006) |
| 05/10/2006 | 7 | Minute Entry for proceedings held before Judge John A. Jarvey. Initial Appearance and Arraignment as to Defendant Jahmal Green as to Counts 1,2,3,4-5 held on 5/09/2006. Attorney Casey Jones for defendant, and defendant pleaded not guilty to all counts. Detention |

*B*

| | | hearing set for 5/10/06 at 4:30 p.m. (Court Reporter: FTR Reporter.) (Stephenson, Lisa) (Entered: 05/10/2006) |
|---|---|---|
| 05/10/2006 | 8 | TEXT ORDER (NO DOCUMENT ATTACHED) OF DETENTION as to Defendant Jahmal Green. Detention Hearing set for 5/10/2006 04:30 PM in CR 2nd Fl Ct before Chief Magistrate John A Jarvey. Signed by Judge John A Jarvey on 5/10/06. (Stigler, Karo) (Entered: 05/10/2006) |
| 05/10/2006 | 9 | TRIAL MANAGEMENT ORDER as to Defendant Jahmal Green. Jury Trial set for 7/10/2006 09:00 AM in CR 3rd Fl Ct before Judge Linda R Reade. Final Pretrial Conference set for 7/10/2006 08:30 AM in CR 3rd Fl Ct before Judge Linda R Reade. Jury Instructions due by 6/29/2006. Status Conference set for 6/21/2006 12:00 PM in CR 2nd Fl Ct before Chief Magistrate John A Jarvey. Trial Related Motions due by 6/26/2006. Signed by Judge John A Jarvey on 5/9/06. (Stigler, Karo) (Entered: 05/10/2006) |
| 05/10/2006 | 10 | STIPULATED DISCOVERY ORDER as to Defendant Jahmal Green (per AFPD Jones). Signed by Judge John A Jarvey on 5/09/06. (Stigler, Karo) (Entered: 05/10/2006) |
| 05/10/2006 | 11 | Minute Entry for proceedings held before Judge John A Jarvey: Detention Hearing as to Defendant Jahmal Green held on 5/10/2006. Government's motion for detention is granted; Defendant Detained pending further proceedings in this matter. (Court Reporter Jane Carson.) (Legislador, Stephanie) (Entered: 05/11/2006) |
| 05/11/2006 | 12 | CJA 23 Financial Affidavit by Defendant Jahmal Green (ksy, ) (Entered: 05/11/2006) |
| 05/18/2006 | 13 | NOTICE *of intention to seek enhanced penalty* by USA as to Defendant Jahmal Green re 1 Indictment (Reinert, Patrick) Modified text on 5/19/2006 (ksy, ). (Entered: 05/18/2006) |
| 06/06/2006 | 14 | ORDER OF DETENTION as to Defendant Jahmal Green. Following a hearing on 5/10/2006, Defendant is detained pending further proceedings. Signed by Judge John A Jarvey on 6/6/06. (Stigler, Karo) (Entered: 06/06/2006) |
| 06/16/2006 | 15 | NOTICE OF INTENT TO PLEAD GUILTY by Defendant Jahmal Green (Jones, Casey) (Entered: 06/16/2006) |
| 06/16/2006 | 16 | TEXT ORDER (NO DOCUMENT ATTACHED) TO CONTINUE - Ends of Justice as to Defendant Jahmal Green. Time excluded from 6/16/06 until 6/21/06. Change of Plea Hearing set for 6/21/2006 09:00 AM in CR 2nd Fl Ct before Chief Magistrate John A Jarvey. Signed by Judge John A Jarvey on 6/16/06. (Stigler, Karo) (Entered: 06/16/2006) |



Case 1:16-cv-00209-LRR-CJW   Document 5   Filed 03/16/17   Page 51 of 58

| 06/21/2006 | 17 | NOTICE OF CONSENT TO ENTRY of a Plea of Guilty by Defendant Jahmal Green. (Stephenson, Lisa) (Entered: 06/21/2006) |
| --- | --- | --- |
| 06/21/2006 | 18 | REPORT AND RECOMMENDATION to Accept Guilty Plea to Count 2 of the Indictment as to Jahmal Green. Objections to R&R due by 7/5/2006. Signed by Judge John A Jarvey on 6/21/06. (Stigler, Karo) (Entered: 06/21/2006) |
| 06/21/2006 | 19 | Minute Entry for proceedings held before Judge John A. Jarvey. Change of Plea Hearing as to Defendant Jahmal Green held on 6/21/2006. Defendant pleaded guilty to Count 2 of the 5/4/2006 Indictment. Defendant detained pending sentencing. (Court Reporter Patrice Murray.) (Stephenson, Lisa) Additional attachment(s) added on 6/21/2006 (Entered: 06/21/2006) |
| 06/22/2006 | 20 | UNRESISTED MOTION for Extension of Time to File Objections to the Report and Recommendations of the Magistrate by Defendant Jahmal Green. (Jones, Casey) (Entered: 06/22/2006) |
| 06/22/2006 | 21 | MOTION to Withdraw as Attorney by Casey D. Jones. by Defendant Jahmal Green. (Jones, Casey) (Entered: 06/22/2006) |
| 06/27/2006 | 22 | ORDER granting 21 Motion to Withdraw as Attorney as to Jahmal Green (1). Signed by Judge John A Jarvey on 6/27/2006. (Copy to A. Reinap). (mem) (Entered: 06/27/2006) |
| 06/27/2006 | 23 | ORDER granting 20 UNRESISTED Motion to Extend Time to File Objections to the 18 Report and Recommendation as to Jahmal Green (1). Deadline extended to Juy 5, 2006. Signed by Judge John A Jarvey on 6/27/2006. (mem) (Entered: 06/27/2006) |
| 06/27/2006 | | Reset Deadline: Objections to 18 REPORT AND RECOMMENDATION as to Jahmal Green now due 7/5/2006. (mem) (Entered: 06/27/2006) |
| 06/28/2006 | 24 | CJA 20: Appointment of Attorney David E Mullin for Jahmal Green. Voucher Number: 46290620498. Signed by A. Reinap on 6/28/2006. (mem) (Entered: 06/28/2006) |
| 06/30/2006 | 25 | NOTICE OF ATTORNEY APPEARANCE: David E Mullin appearing for Defendant Jahmal Green (Mullin, David) (Entered: 06/30/2006) |
| 07/05/2006 | 26 | WAIVER of Objections to Report and Recommendations by Defendant Jahmal Green (Mullin, David) (Entered: 07/05/2006) |
| 07/06/2006 | 27 | ORDER ACCEPTING 18 REPORT AND RECOMMENDATION re PLEA OF GUILTY TO COUNT 2 OF THE INDICTMENT as to Defendant Jahmal Green. Signed by Judge Linda R Reade on 7/6/2006. (mem) (Entered: 07/06/2006) |
| 11/09/2006 | 28 | TRANSCRIPT of Plea Hearing Proceedings as to Defendant Jahmal Green held on 6/21/06 (1 vol) before Judge Reade. Court Reporter: |

$\mathcal{B}$

| | | | |
|---|---|---|---|
| | | | Patrice Murray. (For complete copy of transcript, please contact Patrice Murray at 319-286-2324) (ksy, ) (Additional attachment(s) added on 1/3/2012: # 1 Main Document) (ksy). (Entered: 11/09/2006) |
| 01/05/2007 | 🔒 | 29 | SEALED PRESENTENCE INVESTIGATION REPORT as to Defendant Jahmal Green (HOUSED SEPARATELY w/Statement of Reasons). (mj) (de). (Entered: 01/05/2007) |
| 01/05/2007 | 🔒 | 30 | SEALED SENTENCING RECOMMENDATION as to Defendant Jahmal Green. (HOUSED SEPARATELY).(mj) (de). (Entered: 01/05/2007) |
| 01/08/2007 | | 31 | ORDER SETTING SENTENCING HEARING as to Defendant Jahmal Green for 1/31/2007 at 8:00 AM in CR 3rd Fl Ct before Judge Linda R Reade. Signed by Judge Linda R Reade on 1/8/2007. (mem) (Entered: 01/08/2007) |
| 01/12/2007 | | 32 | SENTENCING MEMORANDUM by USA as to Defendant Jahmal Green (Reinert, Patrick) (Entered: 01/12/2007) |
| 01/17/2007 | | 33 | SENTENCING MEMORANDUM by Defendant Jahmal Green (Mullin, David) (Entered: 01/17/2007) |
| 01/31/2007 | | 34 | Minute Entry for proceedings held before Judge Linda R Reade. Sentencing held on 1/31/2007 as to defendant Jahmal Green. Deft detained. (Court Reporter Patrice Murray.) (de) (Entered: 01/31/2007) |
| 01/31/2007 | | 35 | JUDGMENT as to Defendant Jahmal Green (1), Count(s) 1, 3, 4-5, dismissed; Count(s) 2, Life imprisonment. 10 years supervised release. $100 assessment. (certified copies to USP, USM and Financial). Signed by Judge Linda R Reade on 1/31/07. (de) (Entered: 01/31/2007) |
| 02/05/2007 | 🔒 | 36 | CJA 20 as to Defendant Jahmal Green: Authorization to Pay David Mullin. Amount: $ 2556.89, Voucher # 46290620498. Signed by Judge Linda R Reade on 2/5/07. (ksy)Copy to payee. (Entered: 02/05/2007) |
| 02/09/2007 | | 37 | NOTICE OF APPEAL by Defendant Jahmal Green re 35 Judgment, (Mullin, David) (Entered: 02/09/2007) |
| 02/09/2007 | | 38 | NOA Supplement and Transmission of Notice of Appeal and Docket Sheet as to Defendant Jahmal Green to US Court of Appeals re 37 Notice of Appeal - Final Judgment (ksy, ) (Entered: 02/09/2007) |
| 02/09/2007 | | | COURT OF APPEALS RECEIPT of Notice of Appeal and supporting documents received by USCA on: Fri Feb 9 16:22:04 CST 2007 (ksy, ) (Entered: 02/09/2007) |

*B*

| 02/14/2007 | 40 | USCA Case Number as to Defendant Jahmal Green 07-1344 for 37 Notice of Appeal - Final Judgment filed by Jahmal Green. Appeal Record due by 3/6/2007. Transcript due by 3/6/2007. (Attachments: # 1 Case Number Page 2# 2 Case Number Page 3)(ksy, ) (Entered: 02/15/2007) |
| --- | --- | --- |
| 03/02/2007 | 41 | TRANSCRIPT of Detention Hearing Proceedings as to Defendant Jahmal Green held on 5/10/06 before Judge Jarvey. Court Reporter: Jane Carson. (For complete copy of transcript, please contact Jane Carson at 319-366-7450) (ksy, ) (Entered: 03/02/2007) |
| 03/05/2007 | 42 | CJA 24 as to Defendant Jahmal Green: Authorization to Pay Jane Carson, $ 33.60 for Transcript, Voucher # 46290724137. Signed by Judge John A Jarvey on 3/2/07. Copy to payee. (ksy, ) (Entered: 03/05/2007) |
| 03/06/2007 | 43 | TRANSCRIPT of Sentencing Proceedings as to Defendant Jahmal Green held on 1/31/2007 before Judge Linda R. Reade. Court Reporter: Patrice A. Murray. (for a complete copy of transcript please contact Patrice Murray at (319) 286-2324) (de) Modified on 3/6/2007 - transcript to appeals clerk (de, ). (Additional attachment(s) added on 1/3/2012: # 1 Main Document) (ksy). (Entered: 03/06/2007) |
| 03/06/2007 | 44 | Certified and Transmitted Clerk's Record on Appeal as to Defendant Jahmal Green to US Court of Appeals re 37 Notice of Appeal - Final Judgment (Attachments: # 1 Transmittal Sheet)(ksy, ) (Entered: 03/06/2007) |
| 03/14/2007 | 45 | CJA 24 as to Defendant Jahmal Green: Authorization to Pay Patrice A. Murray, $80.85 for Transcript, Voucher # 46290724154. Signed by Judge John A Jarvey on 3/13/07. (Copy to payee).(mj) (Entered: 03/14/2007) |
| 03/30/2007 | 46 | Appeal Transmittal Receipt as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment: Documents received by 8th Circuit. (ksy, ) (Entered: 03/30/2007) |
| 07/11/2007 | 47 | Appeal Remark as to Defendant Jahmal Green *Supplemental Record* re 37 Notice of Appeal - Final Judgment: Copy of File with Plea Hearing Transcript sent to 8th Circuit per their request.(mj) Modified on 7/12/2007 (bjb, ). (Entered: 07/11/2007) |
| 07/16/2007 | 48 | Appeal Transmittal Receipt as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment: Original File (1 Volume) and Plea Hearing Transcript received by the 8th Circuit on 7/12/07.(mj) (Entered: 07/16/2007) |
| 11/27/2007 | 49 | Judgment Returned Executed as to Defendant Jahmal Green delivered on 4/25/2007 to USP Terra Haute, IN. (de) (Entered: 11/27/2007) |

| 12/13/2007 | 51 | OPINION of USCA (certified copy) as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment: We grant counsel's motion to withdraw and we affirm. (ksy, ) (Entered: 12/13/2007) |
| 12/13/2007 | 52 | JUDGMENT of USCA (certified copy) as to Jahmal Green re 37 Notice of Appeal - Final Judgment: It is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court. (ksy, ) (Entered: 12/13/2007) |
| 12/13/2007 | | Attorney update in case as to Defendant Jahmal Green. Attorney David E Mullin terminated. (ksy, ) (Entered: 12/13/2007) |
| 01/15/2008 | 53 | RECALLED BY 8th Circuit Court of Appeals at entry 54 - Mandate of USCA (certified copy) as to Jahmal Green re 37 Notice of Appeal - Final Judgment: In accordance with 51 Opinion and 52 Judgment dated 12/13/07, the formal mandate is hereby issued in the above-styled matter. (ksy) Modified text on 1/18/2008 (ksy). (Entered: 01/15/2008) |
| 01/18/2008 | 54 | ORDER of USCA (certified copy) as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment: The mandate issued 1/15/08 53 is hereby recalled, as it was entered in error. Copy to Atty Mullin. (ksy) (Entered: 01/18/2008) |
| 01/23/2008 | 55 | ORDER of USCA (certified copy) as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment. Appellant's motion for reconsideration of the court's order denying appointment of counsel has been considered by the court and is denied. (lbb) (Entered: 01/23/2008) |
| 03/20/2008 | 56 | ORDER of USCA (certified copy) as to Defendant Jahmal Green re 37 Notice of Appeal - Final Judgment: The petition for rehearing by the panel filed by appellant has been considered by the court and is denied. Copy to Defendant. (ksy) (Entered: 03/20/2008) |
| 03/20/2008 | | Appeal Record Returned from 8th Circuit as to Defendant Jahmal Green: Original file vol. 1, Plea Hearing Transcript dated 06/21/2006, Sentencing Hearing Transcript dated 01/31/2007, Hearing Transcript dated 05/10/2006 returned. (jm) (Entered: 03/20/2008) |
| 03/27/2008 | 57 | MANDATE of USCA (certified copy) as to Jahmal Green re 37 Notice of Appeal - Final Judgment: In accordance with 51 Opinion and 52 Judgment dated 12/13/07, the formal mandate is hereby issued in the above-styled matter. Copy to Defendant. (ksy) (Entered: 03/27/2008) |
| 11/29/2010 | 59 | SEALED Statement of Reasons by USA, Jahmal Green as to Defendant Jahmal Green (Cannon, Mary) Modified on 11/30/2010 (ksy). (Entered: 11/29/2010) |



| 11/30/2010 | | Judge update in case as to Jahmal Green pursuant to 59 Sealed Statement of Reasons by USA. Magistrate Judge Jon S Scoles added. Judge John A Jarvey no longer assigned to case. Conflicts checked, none found. (jls) (Entered: 11/30/2010) |
| 12/27/2010 | | MAIL Returned as Undeliverable. Mail sent to Jahmal Green which included 19 Change of Plea Hearing, 60 Sealed Correspondence. Mail re-sent to address found on BOP website. (Address updated) (pac) (Entered: 12/27/2010) |
| 01/03/2012 | | DOCKET Annotation re Staff Notes, as to Defendant Jahmal Green: Judgment entered in 08cv0153-LRR. (ksy) (Entered: 01/03/2012) |

No postmark—SEM

— Legal Mail—

United States District Court for the Northern
District of Iowa

⟨⟩09794-029⟨⟩
Clerk Us District Court
111 7TH AVE SE
5TH Floor
Cedar Rapids, IA 52401
United States

7016 2140 0000 7156 0800

Jahmal Green
# 09794-029
United States Penitentiary, Tucson
Po Box 24550
Tucson, AZ 85734

— Legal Mail—

FEDERAL CORRECTIONS COMPLEX
9300 S. WILMOT ROAD
TUCSON, ARIZONA 85756

DATE: 3-6-17

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

